FILED IN OPEN COURT

4-24-08

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 3:08-cr-47-J-33JRK

DANIEL J. BUSBY

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E.

O'Neill, United States Attorney for the Middle District of Florida, and the defendant,

Daniel J. Busby, and the attorney for the defendant, Quentin Till, Esq., mutually agree

as follows:

### A. Particularized Terms

1. Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment.

Count One charges the defendant with willfully and maliciously destroying and injuring a

conveyance in the special maritime and territorial jurisdiction of the United States, in

violation of 18 U.S.C. § 1363.

2. Maximum Penalties

Count One carries a maximum sentence of five years imprisonment, a fine

of $250,000, a term of supervised release of not more than three years, and a special

assessment of $50 per felony count for offenses committed prior to April 24, 1996,

$100 per felony count thereafter; for organizations the amounts are "$200" and "$400"

Defendant's Initials _____

AF Approval _____

respectively, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

> FIRST:    That the defendant destroyed or injured a conveyance as charged in the indictment;
>
> SECOND:   That the defendant did so willfully and maliciously;
>
> THIRD:    That the destruction or injury occurred within the special maritime and territorial jurisdiction of the United States.

4.    Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution to Burns & Roe Services Corporation in the amount of $9,561.00.

5.    Adjusted Offense Level - Estimate Only

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States, based on the information now available to it, estimates that the defendant's adjusted offense level is 6, as determined below:

| Guideline | Description | Levels |
|-----------|-------------|--------|
| § 2B1.1 | Base Offense | 6 |

Defendant's Initials _____

2

| § 2B1.1(b)(1)(C) | Specific Offense Characteristic | 2 |
| § 3E1.1(a) | Acceptance of Responsibility | <2> |

Total Adjusted Offense Level     6

The defendant understands that this estimate is not binding on the court or the United States, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

6.  Acceptance of Responsibility - Two Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

7.  Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials         3

**B.    Standard Terms and Conditions**

    1.    Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987) or § 3579, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

    2.    Supervised Release

        The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials _____                    4

3. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by

Defendant's Initials                    5

the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5.    Defendant's Waiver of Right to Appeal and
       Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government

Defendant's Initials                    6

exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

6. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty

Defendant's Initials                    7

or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _____ 8

10.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

11.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _____ day of _____, 2008.

ROBERT E. O'NEILL
United States Attorney

By: _____
Clayton P. Hahs
Special Assistant United States Attorney

_____
Daniel J. Busby
Defendant

_____
Quentin Till, Esq.
Attorney for Defendant

_____
Ronald T. Henry
Assistant United States Attorney
Chief, Jacksonville Division

Defendant's Initials _____        9

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

Case No. 3:08-cr-47-J-33JRK

DANIEL J. BUSBY

_____

## FACTUAL BASIS

On or about November 22, 2007, at approximately 1:30 in the morning, the

defendant, Daniel J. Busby walked to the residence of Dan Vershay, located onboard

the United States Naval Base at Guantanamo Bay, Cuba (GTMO). Dan Vershay was a

civilian contractor working for Burns & Roe Services Corporation (hereinafter referred to

as "Burns & Roe"). As a Burns & Roe employee, Vershay was assigned a white 2003

Ford pickup truck, Model F-250, Vehicle Identification Number: 1FTNF20J63EB84183

(hereinafter referred to as "truck") in order to facilitate his work onboard GTMO. Upon

arriving at Vershay's residence, the defendant got inside the truck and started its

ignition. The truck was unlocked and the keys were inside it. The defendant then

drove the truck to a nearby boat ramp located onboard GTMO in an area named

Grenadillo Point. He parked the truck partially down the boat ramp, exited the truck,

and placed its transmission in "drive." The truck rolled down the boat ramp and into

Guantanamo Bay, where it was eventually completely submerged in approximately 9

feet of saltwater. The truck was completely destroyed by water damage sustained as a

result of the defendant's actions.

Defendant's Initials

Prior to the defendant committing the acts described above, he had been present at a bar with Dan Vershay where he observed Vershay consuming alcoholic beverages. The defendant committed the aforementioned acts in order to make it appear as though Dan Vershay had driven his company-owned truck into the ocean while intoxicated. The defendant hoped that Burns & Roe would attribute the damage to Vershay, fire him, and cause him to be involuntarily removed from GTMO.

The truck was worth approximately $9,561.00 at the time of the incident. Therefore, the amount the defendant should be required to pay as restitution to Burns & Roe is $9561.00.

Defendant's Initials _____                2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 3:08-cr-47-J-33JRK

DANIEL J. BUSBY

_____

## PERSONALIZATION OF ELEMENTS

1.     Do you admit that, on or about November 22, 2007, you destroyed or injured a conveyance, namely a white 2003 Ford pickup truck, Model F-250, Vehicle Identification Number: 1FTNF20J63EB84183?

2.     Do you admit that you did so willfully and maliciously?

3.     Do you admit that you did so within the Special Maritime and Territorial Jurisdiction of the United States, namely the United States Naval Base at Guantanamo Bay, Cuba?



Defendant's Initials _____              10